UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL G. STAG, LLC ET AL.                              CIVIL ACTION

VERSUS                                                   NO. 18-3425

STUART H. SMITH, LLC ET AL.                              SECTION "D" (2)

## ORDER ON MOTIONS

This is an action for declaratory relief and money damages arising from a June 8, 2015 contract ("the 2015 Agreement") dispute between former law partners, plaintiff Michael G. Stag, LLC and defendant Stuart H. Smith, LLC, ("Smith, LLC"). Record Doc. Nos. 1 at pp. 2–3, 1-1 at pp. 1–15. In the 2015 Agreement, defendant Stuart H. Smith, sole owner of Smith, LLC, withdrew from Smith Stag, LLC ("the Law Firm") on the basis of disability. Record Doc. No. 1-1 at p. 1.

Two related motions are currently before me: (1) plaintiffs' Motion for Leave to File Second Supplemental, Amended and Restated Complaint, Record Doc. No. 105; and (2) defendants' Motion to Strike Paragraph 13 of plaintiffs' proposed amended complaint, Record Doc. No. 106. Timely opposition memoranda were filed, Record Doc. Nos. 107, 113, and plaintiffs were permitted to file a reply. Record Doc. Nos. 110–12. For the following reasons, plaintiffs' motion is GRANTED and defendants' motion is DENIED.

The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. Stripling v. Jordan Prod. Co., 234 F.3d

863, 872 (5th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597–98 (5th Cir. 1981)). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.

In addition, the Fifth Circuit consistently has held that a complaint should not be dismissed on a Rule 12 motion unless the plaintiff is provided at least one opportunity to amend. Hernandez v. Ikon Ofc. Solutions, Inc., 306 F. App'x 180, 182 (5th Cir. 2009); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002).

Evaluating these factors in this instance, coupled with the liberal policy of Rule 15, weighs in favor of granting leave to file the amendment. Plaintiffs sought leave to amend their complaint <u>before</u> the expiration of the court's deadline for amendment of pleadings. Record Doc. No. 93 at p. 1. Thus, no undue delay has occurred and no dilatory motive is apparent. Defendants argue that plaintiffs' filing of the motion to amend while

defendants' Rule 12 motion to dismiss for failure to state a claim, Record Doc. No. 94, is pending represents a bad faith tactic. Record Doc. No. 107 at p. 3. The Fifth Circuit has defined bad faith generally as

> implying or involving actual or constructive fraud, or a design to mislead and deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. The term bad faith means more than mere bad judgment or negligence, it implies the conscious doing of a wrong for dishonest or morally questionable motives.

Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs Inc., 293 F.3d 912, 922 (5th Cir. 2002)) (interpreting Louisiana law).

Defendants have not shown that plaintiffs, by seeking to amend their complaint, are in bad faith in any of these ways. Moreover, as noted above, plaintiffs *must* be provided one opportunity to amend at the motion to dismiss stage of the proceedings, and granting this motion affords plaintiffs that opportunity. A previous amendment, Record Doc. No. 15, was filed in the early stages of this case, but before the motion to dismiss was filed, and there is no evidence of plaintiffs' repeated failure to cure deficiencies. The discovery deadline in this matter is February 20, 2020, and trial is not until April 6, 2020. Record Doc. No. 93. Because ample preparation time remains before trial, it does not appear that undue prejudice to defendants' ability to prepare their defenses would result from allowing the amendment. This amendment does not appear futile. For the foregoing reasons, plaintiffs' motion for leave to file their second amended complaint, Record Doc. No. 105-3, is GRANTED.

In their related motion, defendants seek to strike Paragraph 13 of plaintiffs' second amended complaint. Record Doc. No. 105-3 at p. 4, ¶ 13. This paragraph references defendant Stuart Smith's misdemeanor conviction for cyberstalking and subsequent attorney disciplinary proceedings based on that conviction, and alleges that the then-pending disciplinary proceedings provided Smith with motive to seek a "Preferred Withdrawal" from the Law Firm based on "disability," rather than risking a forced "Non-Preferred Withdrawal" based on "any professional disciplinary action which results in the Member's losing the privilege of practicing law in the State of Louisiana." Id.; Record Doc. No. 1-1 at pp. 18–19. Defendants contend that the references in Paragraph 13 are immaterial to the instant matter, harassing to Smith and should be stricken from the complaint pursuant to Fed. R. Civ. P. 12(f). Record Doc. No. 106-1 at pp. 4–6.

"[T]he court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike should be granted "only if the challenged allegations are prejudicial to the defendant or immaterial to the lawsuit." Sadler v. Benson Motors Corp., 1997 WL 266735, at *1 (E.D. La. May 15, 1997) (quoting Succession of Wardlaw, 1994 WL 479183, at *1 (E.D. La. Aug. 30, 1994) (internal quotation marks omitted). "The standard of materiality in a Motion to Strike pursuant to Fed. R. Civ. P. 12(f) is a loose one: defendants must show that the challenged allegations 'can have no possible bearing upon

the subject matter of the litigation.' " Id. (quoting Salomon S.A. v. Alpina Sports Corp., 737 F. Supp. 720, 726 (D.N.H. 1990)).

An essential issue in this contract case centers around an alleged misrepresentation of disability by Smith in the 2015 Agreement. Record Doc. No. 105-3 at pp. 2–3, ¶ 8. In their second amended complaint, id. at pp. 3–4, ¶¶ 10–14, defendants allege that at the time of his withdrawal from the Law Firm, Smith was not disabled in a manner that qualified him for Preferred Withdrawal under the Law Firm's Operating Agreement, which defines "disability" as "the inability, due to sickness or accident of a Member to perform the substantial and material duties of the Member's profession for more than (90) days." Record Doc. No. 1-1 at p. 17. Plaintiffs allege that Smith misrepresented his disability to take advantage of the financial benefits of a Preferred Withdrawal, which allows a withdrawing member to avoid paying his share of the ongoing financial obligations of the Law Firm for nine (9) months. Id. at p. 29; Record Doc. No. 105-3 at p. 4, ¶ 12.

Plaintiffs allege in Paragraph 13 that Smith's prospect of an unfavorable disciplinary ruling and loss of his privilege to practice law in Louisiana – which would force Smith's Non-Preferred Withdrawal from the Law Firm and subject him to payment of nine (9) months of his share of the Law Firm's financial obligations – motivated him to misrepresent his alleged disability in seeking withdrawal from the Law Firm. The allegations in Paragraph 13 are substantially relevant to the underlying contractual

dispute and bear directly on Smith's alleged motives in seeking Preferred Withdrawal in the 2015 Agreement. These allegations bear heavily on the contract issues that are the heart of this litigation. While the allegations are certainly uncomfortable, they cannot be characterized as redundant, immaterial, impertinent or scandalous under the Rule 12(f) standard. For the foregoing reasons, defendants' motion to strike Paragraph 13 from plaintiffs' second amended complaint, Record Doc. No. 105-3, is DENIED.

New Orleans, Louisiana, this \_\_\_19th\_\_\_ day of June, 2019.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE