UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL G. STAG, ET AL.                                CIVIL ACTION

VERSUS                                                 NO: 18-3425

STUART H. SMITH, LLC, ET AL.                           SECTION: "A" (2)

## ORDER AND REASONS

The following motions are before the Court: **Motion for Judgment on the Pleadings of Count I (Rec. Doc. 157)** and **Motion for Judgment on the Pleadings of Count II (Rec.Doc. 158)**, both filed by third-party defendant Ashley M. Liuzza. Third-party plaintiffs Stuart H. Smith, LLC and Stuart H. Smith oppose the motions. The motions, submitted for consideration on October 22, 2019, are before the Court on the briefs without oral argument.

Plaintiffs and Defendants in the main demand are former law partners of Smith Stag, LLC. In 2015, Stuart H. Smith withdrew from the firm due to a serious illness. The terms of the withdrawal were governed both by the firm's Operating Agreement and by a negotiated Separation Agreement between Michael Stag and Stuart H. Smith. (Rec. Doc. 1-1). Smith's withdrawal was effected pursuant to the Preferred Withdrawal provision of the Operating Agreement, as opposed to the less financially attractive Nonpreferred Withdrawal provision. Preferred Withdrawal means "the Disability" of a member. (*Id.* at 19). Pursuant to the express terms of the agreement, the disability need not be permanent but rather means "the inability, due to sickness or accident of a Member to perform the substantial and material duties of the Member's profession **for more than (90) days**. (*Id.* at 17) (emphasis added). Smith's position is that when he withdrew from the firm his prognosis was so grave that he

1

did not envision being healthy enough to return to the practice of law. Paragraph 12 of the Separation Agreement states: "Name. "[Stuart H. Smith] and Stag agree that [Smith Stag, LLC] may continue to use the name 'Smith' in the name of the [firm]." (Rec. Doc. 1-1 at 8).

According to Smith he did not engage in the full-time or substantive practice of law for over three years due to his illness. Following medical treatment, Smith's condition improved and in 2018 he advised Stag that he would return to the practice of law. Although Louisiana Rule of Professional Responsibility 7.10(g) allows a law firm to continue to include in its name a retired member of the firm, once Smith returned to the practice of law Smith Stag, LLC was forced to remove Smith from the name. The firm is now called Stag Liuzza, LLC. Stag contends that continued use of "Smith" in the firm name was a primary cause for his willingness to allow Smith to withdraw from the firm on such favorable terms. Stag claims a litany of economic damage associated with having to rename the firm. According to Smith, Stag unilaterally started withholding fees that Smith was owed pursuant to the Separation Agreement. In his counter-claim Smith alleges a host of acts committed by Stag and members of his firm allegedly for the purpose of harassing Smith.

The two motions sub judice were filed by Ashley Liuzza, who is the sole named defendant on a third-party demand that Smith included in his responsive pleading. (Rec. Doc. 122). Ms. Liuzza, whose relationship to Stag and the law firm are not identified in the third-party demand, has been sued by Smith for intentional infliction of emotional distress (Count I) and commingling (Count II), the latter of which is not a cause of action recognizable to the Court. The Court presumes Ms. Liuzza to be an attorney with the Stag Liuzza firm but Smith's third-party demand contains <u>no factual allegations whatsoever</u> to

support any claim in tort against Ms. Liuzza.[1] Ms. Liuzza's motions will be granted solely as to this basis for relief.

The Court notes that Smith has pending before the magistrate judge a motion to amend his counterclaim and third-party demand (Rec. Doc. 180), which was filed after Ms. Liuzza filed her motions for judgment on the pleadings. That motion is scheduled for submission on November 13, 2019. Because the Court dismisses Count I and Count II of the third-party demand based solely on facial deficiencies and not on the legal arguments included in the motions for judgment on the pleadings—the Court has not considered the substantive legal arguments—the dismissal of Counts I and II today shall have no collateral effect on whether Smith should be granted leave to amend his pleading. If leave to amend is granted then Ms. Liuzza can certainly re-raise her legal arguments, whether under Rule 12(b)(6) or otherwise, in response to that new pleading.

Accordingly;

**IT IS ORDERED** that the **Motion for Judgment on the Pleadings of Count I (Rec. Doc. 157)** and **Motion for Judgment on the Pleadings of Count II (Rec.Doc. 158)**, both filed by third-party defendant Ashley M. Liuzza are **GRANTED** as explained above. All claims against third-party defendant Ashley Liuzza are dismissed at this time.

November 12, 2019

_____
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, the Court is at a loss to understand why Ms. Liuzza was brought in as a party pursuant to third-party practice. Ms. Liuzza is not alleged to be liable to Smith for any party of the claim against him. Fed. R. Civ. Pro. 14(a)(1). Presumably Smith was attempting to bring claims against Ms. Liuzza personally for taking part in the allegedly harassing conduct that Smith alleges against Stag in the counterclaim. If this is the case, Ms. Liuzza should have been brought in as an additional defendant on the counterclaim.

3