UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL G. STAG, ET AL. | CIVIL ACTION |
| VERSUS | NO: 18-3425 |
| STUART H. SMITH, LLC, ET AL. | SECTION: "A" (2) |

**ORDER AND REASONS**

The following motions are before the Court: **Motion for Judgment on the Pleadings of Count I (Rec. Doc. 189); Motion for Judgment on the Pleadings of Count II (Rec. Doc. 190); Motion for Judgment on the Pleadings of Count III (Rec. Doc. 198); Motion for Judgment on the Pleadings of Count V (Rec. Doc. 199),** all filed by plaintiffs/defendants-in-counterclaim Michael G. Stag, LLC, Stag Liuzza, LLC (formerly known as Smith Stag, LLC), and Michael G. Stag (referred to at times collectively as "the Stag Parties"). Stuart H. Smith, LLC and Stuart H. Smith (referred to at times collectively "the Smith Parties") oppose the motions. The motions, submitted for consideration on November 27, 2019, are before the Court on the briefs without oral argument.

I. **Background**

Michael G. Stag and Stuart H. Smith are former law partners of Smith Stag, LLC. In 2015, Smith withdrew from the firm due to a serious illness. The terms of the withdrawal were governed both by the firm's Operating Agreement and by a negotiated Separation Agreement between Stag and Smith. (Rec. Doc. 1-1). Smith's withdrawal was effected pursuant to the Preferred Withdrawal provision of the Operating Agreement, as opposed to the less financially attractive Nonpreferred Withdrawal

1

provision. Preferred Withdrawal means "the Disability" of a member. (*Id.* at 19). Pursuant to the express terms of the agreement, the disability need not be permanent but rather means "the inability, due to sickness or accident of a Member to perform the substantial and material duties of the Member's profession ***for more than (90) days***." (*Id.* at 17) (emphasis added). Smith's position is that when he withdrew from the firm his prognosis was so grave that he did not envision being healthy enough to return to the practice of law. Paragraph 12 of the Separation Agreement states: "Name. "[Stuart H. Smith] and Stag agree that [Smith Stag, LLC] may continue to use the name 'Smith' in the name of the [firm]." (Rec. Doc. 1-1 at 8).

According to Smith he did not engage in the full-time or substantive practice of law for over three years due to his illness. Following medical treatment, Smith's condition improved and in 2018 he advised Stag that he would return to the practice of law. Although Louisiana Rule of Professional Responsibility 7.10(g) allows a law firm to continue to include in its name a retired member of the firm, once Smith returned to the practice of law Smith Stag, LLC was forced to remove Smith from the name. The firm is now called Stag Liuzza, LLC. Stag contends that continued use of "Smith" in the firm's name was a primary cause for his willingness to allow Smith to withdraw from the firm on such favorable terms. Stag claims a litany of economic damage associated with having to rename the firm. According to Smith, Stag unilaterally started withholding fees that Smith was owed pursuant to the Separation Agreement. In his counter-claim Smith alleges a litany of acts committed by Stag and members of his firm allegedly for the purpose of harassing Smith.

A jury trial is set for April 6, 2020. (Rec. Doc. 93).

**II.    Discussion**

The motions for judgment on the pleadings sub judice were filed by the Stag Parties to challenge four of the eleven counts brought against the Stag Parties in the Smith Parties' counterclaim.[1] (Rec. Doc. 122).

The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). The district court must accept all well-pleaded facts as true, and view them in the light most favorable to the plaintiff. *Id.* In order to survive the motion the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim that is not based on a cognizable legal theory is not plausible on its face. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Frith v. Guardian Life Ins. Co.*, 9 F. Supp. 2d 734, 737-37 (S. D. Tex. 1998) (citing *Balistreri v. Pacifica Police Dept.*, 901 F. 2d 696, 699 (9th Cir. 1990); *Vines v. City of Dallas*, 851 F. Supp. 254, 259 (N.D. Tex. 1994)).

**Count I (Rec. Doc. 189)**

Count I of the Smith Parties' counterclaim is a cause of action for "Presumed Embezzlement." (Rec. Doc. 122 at 20). The single paragraph description of this cause of action is that "[t]he Stag parties are liable for putting Smith's funds in their operating

---

[1] The Smith Parties also attempted to bring Ms. Ashley Liuzza, an attorney with the Stag Liuzza firm, into the case via a procedurally improper third-party demand. (Rec. Doc. 122). The Court granted Liuzza's motions for judgment on the pleadings, (Rec. Doc. 194), and the magistrate judge, in a well-reasoned opinion, denied the Smith Parties' motion for leave to amend, which would have brought Ms. Liuzza back into the case. (Rec. Doc. 200). Ms. Liuzza has filed a motion for Rule 11 sanctions in conjunction with the Smith Parties' pleadings. (Rec. Doc. 185).

3

account as a breach of their professional responsibilities and embezzlement per se." (*Id.* ¶ 143).

The Stag Parties argue that Louisiana law recognizes no claim for "presumed embezzlement" or "embezzlement per se." Even if the Court were to construe the count as a claim for conversion, the Stag Parties argue that dismissal is nonetheless appropriate. The Stag Parties argue that under Louisiana law a conversion claim is not cognizable when the claim is merely for disputed payment amounts under a contract.

The Court agrees with the Smith Parties' contention that they have alleged facts sufficient to state a claim for conversion. The Court does not agree with the Stag Parties' characterization of the dispute as one sounding solely in contract. Stag unilaterally elected to withhold payments to the Smith Parties when he became dissatisfied with the negotiated terms of the Separation Agreement. It remains to be seen whether Stag was justified in doing so or whether he converted funds that belonged to the Smith Parties in doing so. The motion is DENIED as to Count I. The Court expresses no opinion as to whether any part of the claim is prescribed.

## Count II (Rec. Doc. 190)

Count II of the Smith Parties' counterclaim is a cause of action for "Commingling." (Rec. Doc. 122 at 20-21). The crux of this claim is that the Stag Parties commingled the Smith Parties' "third-party funds" with the funds of Stag Liuzza, LLC in the firm's operating account. (*Id.* ¶ 151).

The Stag Parties argue that this count is not based on a legally cognizable theory.

4

The Court agrees. If the Smith Parties are convinced that the Stag Parties' management of the firm account violated the Rules of Professional Conduct then they are free to report that conduct to the appropriate authority. The alleged commingling may also be relevant to the conversion claim. But there is no separate actionable claim for commingling. The motion is GRANTED as to Count II.

### Count III (Rec. Doc. 198)

Count III of the Smith Parties' counterclaim is a cause of action for Unfair Trade Practice pursuant to La. R.S. 51:1401, *et seq.*, which is the Unfair Trade Practices and Consumer Protection Law ( hereinafter "the "LUTPA") (Rec. Doc. 122 at 23). The count has no separate factual allegations of its own but rather relies upon the numerous other factual allegations made in support of the counterclaim. The single paragraph description of this cause of action is that "Smith is entitled to damages, treble damages and attorney fees under [the LUTPA] because the Stag parties knowing that Smith was disabled committed unfair acts against him by, among other things, holding his money without grounds to do so."(*Id.* ¶ 153).

The Stag Parties argue that the LUTPA claim is prescribed. The Stag Parties also argue that the conduct alleged fails to rise to the level of opprobrious conduct necessary to support a LUTPA claim, and that the LUTPA does not provide an alternative remedy for a run-of-the-mill breach of contract claim.

The Smith Parties point out that the Fifth Circuit has held that the continuing tort doctrine applies to the LUTPA's one year prescriptive/preemptive period, *Tubos de Acero de Mex., SA v. Am. Int'l Inv. Corp.*, 292 F.3d 471 (5th Cir. 2002). Moreover, the

5

Smith Parties contend that they have alleged unethical conduct well outside the realm of an ordinary breach of contract claim.

The Court is persuaded that the LUTPA claim should not be adjudicated on the pleadings. The Court agrees that the Smith Parties have alleged unethical conduct beyond that typically involved with an ordinary breach of conduct, and in particular, they contend that some of the conduct was aimed at hobbling the Smith Parties' efforts to rejoin the practice of law, *i.e.*, compete with the Stag Parties. The motion is DENIED as to Count III.[2] The Court expresses no opinion at this time as to whether any part of the claim is untimely.

**Count V (Rec. Doc. 199)**

Count V of the Smith Parties' counterclaim, entitled Declaratory Judgment, alleges that the Stag Parties violated 18 U.S.C. § 1702 when they handled mail addressed to the Smith Parties that arrived at the firm.[3] (Rec. Doc. 122 at 23-24). The

---

[2] The Court does note, however, that the Smith Parties do not state a claim for treble damages under the LUTPA because there is no allegation that the Stag Parties continued to engage in any of the allegedly unethical conduct after being put on notice by the Attorney General. La. R.S. §51:1409(A).

[3] Title 18 § 1702 of the United States Code is a criminal statute, entitled Obstruction of Correspondence, that states:

> Whoever takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same, shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 1702.

Smith Parties seek a declaratory judgment that this conduct did not conform with "the Louisiana Civil Code and Rules of Professional Conduct." (*Id.* ¶ 161).

The Stag Parties argue that § 1702 does not confer a private right of action. The Court agrees. If the Smith Parties are convinced that the Stag Parties violated a criminal law of the United States then they are free to report that conduct to the appropriate authority. But a declaratory judgment is merely a form of relief—it is not a stand alone cause of action. It is the underlying cause of action between the plaintiff and the defendant that is actually litigated in a declaratory judgment action. *Collin County Tex. v. HAVEN*, 915 F.2d 167, 171 (5th Cir. 1990).

The Smith Parties point out that the conduct alleged in support of this count may be relevant to some of their other claims such as intentional infliction of emotional distress or the LUTPA. Even if this is correct there is no separate actionable claim for a violation of 18 U.S.C. § 1702 so it cannot form the basis for declaratory relief. The motion is GRANTED as to Count V.

Accordingly;

**IT IS ORDERED** that the **Motion for Judgment on the Pleadings of Count I (Rec. Doc. 189)** filed by filed by plaintiffs/defendants-in-counterclaim Michael G. Stag, LLC, Stag Liuzza, LLC is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion for Judgment on the Pleadings of Count II (Rec. Doc. 190)** filed by filed by plaintiffs/defendants-in-counterclaim Michael G. Stag, LLC, Stag Liuzza, LLC is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motion for Judgment on the Pleadings of Count III (Rec. Doc. 198)** filed by filed by plaintiffs/defendants-in-counterclaim Michael G. Stag, LLC, Stag Liuzza, LLC is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion for Judgment on the Pleadings of Count V (Rec. Doc. 199)** filed by plaintiffs/defendants-in-counterclaim Michael G. Stag, LLC, Stag Liuzza, LLC is **GRANTED**.

November 27, 2019

_____
UNITED STATES DISTRICT JUDGE