UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL G. STAG, ET AL. | CIVIL ACTION |
| VERSUS | NO: 18-3425 c/w 20-991 |
| STUART H. SMITH, LLC, ET AL. | SECTION: "A" (2) |

**ORDER AND REASONS**
**[REF: 20-991]**

The following motions are before the Court: **Motion to Dismiss (Rec. Doc. 261)** filed by Barry J. Cooper, Jr., Esq.**; Motion to Dismiss (Rec. Doc. 260)** filed by Cooper Law Firm, LLC**; Motion for Leave to Conduct Jurisdictional Discovery (Rec. Doc. 271)** filed by Michael G. Stag, LLC, Stag Liuzza, LLC (formerly known as Smith Stag, LLC), and Michael G. Stag (referred to at times collectively as "the Stag Parties"). All motions are opposed. The motions, submitted for consideration on July 22, 2020, are before the Court on the briefs without oral argument.

**I.     Background**

While the motions currently before the Court pertain solely to Civil Action 20-991, the following background, which is taken from Civil Action 18-3425, provides the context necessary to understand the Court's disposition of these motions.

Michael G. Stag and Stuart H. Smith are former law partners of Smith Stag, LLC. In 2015, Smith withdrew from the firm due to a serious illness. The terms of the withdrawal were governed both by the firm's Operating Agreement and by a negotiated Separation Agreement between Stag and Smith. (Rec. Doc. 1-1). Smith's withdrawal was effected pursuant to the Preferred Withdrawal provision of the Operating

1

Agreement, as opposed to the less financially attractive Nonpreferred Withdrawal provision. Preferred Withdrawal means "the Disability" of a member. (*Id.* at 19). Pursuant to the express terms of the agreement, the disability need not be permanent but rather means "the inability, due to sickness or accident of a Member to perform the substantial and material duties of the Member's profession for more than (90) days." (*Id.* at 17). Smith's position is that when he withdrew from the firm his prognosis was so grave that he did not envision being healthy enough to return to the practice of law. Paragraph 12 of the Separation Agreement states: "Name. [Stuart H. Smith] and Stag agree that [Smith Stag, LLC] may continue to use the name 'Smith' in the name of the [firm]." (Rec. Doc. 1-1 at 8).

According to Smith he did not engage in the full-time or substantive practice of law for over three years due to his illness. Following medical treatment, Smith's condition improved and in 2018 he advised Stag that he would return to the practice of law. Although Louisiana Rule of Professional Responsibility 7.10(g) allows a law firm to continue to include in its name a retired member of the firm, once Smith returned to the practice of law Smith Stag, LLC was forced to remove "Smith" from the name. The firm is now called Stag Liuzza, LLC. Stag contends that continued use of "Smith" in the firm's name was a primary cause for his willingness to allow Smith to withdraw from the firm on such favorable terms. Stag claims a litany of economic damage associated with having to rename the firm. According to Smith, Stag unilaterally started withholding fees that Smith was owed pursuant to the Separation Agreement. In his counter-claim Smith alleges a litany of acts committed by Stag and members of his firm allegedly for the purpose of harassing Smith.

## II.     Prior Proceedings

Stag initiated the lead case, Civil Action 18-3425, on March 29, 2018. Since that date this case has been mired in personal animosity, harassment, and vexatious litigation practices committed by both sides. The Court has resolved numerous contested motions and has altered/vacated all of the assigned pretrial deadlines at various times at the parties' request, always with an eye toward promoting an amicable resolution to this matter. The Court stayed the case at the parties' request on more than one occasion after the parties advised that they were on the verge of a settlement. On December 17, 2019, the Court entered an order of dismissal after the parties reported that they had resolved all claims.[1] (Rec. Doc. 222).

Unfortunately, on April 27, 2020, the Court had to vacate that order of dismissal when it became obvious that the parties had not reached a meeting of the minds as to the terms of a binding settlement agreement. (Rec. Doc. 262). Matters were complicated by the fact that the ill-fated Term Sheet that purported to memorialize the settlement included signatories that are not parties to the litigation before this Court and it included state court litigation (and an arbitration) that were not part of the case before this Court—it is obvious that the discord between the former law partners spawned other disputes between them and those close to them, disputes over which a federal court would not have subject matter jurisdiction. The Stag Parties have been strong proponents of enforcing the Term Sheet. The first time that the Court rejected the Stag Parties' attempt to enforce the Term Sheet, the Court admonished the Stag Parties as follows:

---

[1] The Court has recounted how it learned of the purported settlement in its Order and Reasons vacating the order of dismissal. (Rec. Doc. 262 at 2 n.3).

> Furthermore, the Stag Parties must understand that this Court will not exercise jurisdiction to enforce a settlement with any persons that are not currently in this litigation. The Stag Parties cannot employ a single release for the ill-conceived purpose of conferring jurisdiction on this Court to enforce a settlement (should such action become necessary in the future) that involves parties and controversies that are not part of the matter before this Court.

(Rec. Doc. 232 at 3).

On March 23, 2020, Stag filed Civil Action 20-991 against Smith and others who were not parties to Civil Action 18-3425 but who were parties to other legal disputes involving Stag and Smith—legal disputes that were intended to be part of the global settlement alluded to in the Term Sheet. Those "others" were the Cooper Parties.[2] Civil Action 20-991, which the Stag Parties filed while the parties' cross motions with respect to the enforceability of the Term Sheet were still pending before this Court, is a declaratory judgment action in which the Stag Parties seek to have the Court determine that the Term Sheet is an enforceable contract between the parties and that the Smith Parties and Cooper Parties are bound by the settlement. Of course, this Court has already determined that at least insofar as the Stag Parties and the Smith Parties are concerned, the Term Sheet did not effect a binding and enforceable settlement agreement. (Rec. Doc. 262, Order and Reasons denying summary judgment and vacating order of dismissal). This issue will not be revisited.

It merits repeating that the litigation between the Stag Parties and the Cooper Parties was never before this Court. And an attorney with the Cooper Law Firm, LLC represents the Smith Parties in this litigation. As described in the complaint filed in Civil

---

[2] "Smith Parties" refers collectively to Stuart H. Smith, LLC and Stuart H. Smith. "Cooper Parties" refers collectively to Cooper Law Firm, LLC and Barry J. Cooper, Jr.

4

Action 20-991, the litigation between the Stag Parties and the Cooper Parties consists of an arbitration with JAMS and a lawsuit filed in the Civil District Court for the Parish of Orleans. (Rec. Doc. 1 ¶ 10). That latter case includes claims against Ms. Ashley Liuzza, Stag's current law partner, whom Smith had tried to bring into the litigation in Civil Action 18-3425. (Rec. Doc. 122). The Court declined to allow Smith to do that. (Rec. Doc. 194). Moreover, in denying Ms. Liuzza's subsequent motion for Rule 11 sanctions against Smith and his attorney (an attorney with Cooper Law Firm, LLC), the Court suggested that it was sanction enough that the Court would not entertain another attempt to bring Ms. Liuzza back into the litigation.[3] (Rec. Doc. 214 at 2).

Thus, the fallout from all of the foregoing prior motion practice in Civil Action 18-3425 is that the only "live" issue remaining in Civil Action 20-991 is the enforceability of the Term Sheet vis à vis the Cooper Parties. And given that the Court had expressly declined the Stag Parties' first invitation to pass judgment on the enforceability of the Term Sheet as to persons (both natural and juridical) not before this Court, Civil Action 20-991 would appear to be the Stag Parties' solution to that problem because now those other parties have been brought before the Court.[4]

---

[3] The claims against Ms. Liuzza were bereft of any factual support and some were based on non-existent legal theories that the Smith Parties seemed to have invented.

[4] Ms. Liuzza was a defendant in the Orleans Parish state court case mentioned above and she was a signatory to the Term Sheet but she did not join the Stag Parties as a plaintiff in Civil Action 20-991. The Court assumes that Ms. Liuzza did not join the lawsuit because she did not want to open the door to having Smith file a counterclaim against her thereby losing the benefit of the "sanction" that the Court alluded to when denying her motion for Rule 11 sanctions against Smith.

**III.     Discussion**

Unless otherwise noted, all references to "the complaint" or the "case" or the "action" from this point forward refer to Civil Action 20-991. The Stag Parties' asserted basis for subject matter jurisdiction over this action is diversity jurisdiction. 28 U.S.C. § 1332(a)(1).

The motions to dismiss sub judice were filed by Cooper Law Firm, LLC and Barry J. Cooper, Jr. Both challenge subject matter jurisdiction and asseverate that the Stag Parties have not demonstrated that the requirements for diversity jurisdiction are satisfied. The Stag Parties have cross moved for leave to conduct jurisdictional discovery so that they can try to meet that burden.

The Court begins with the motion to dismiss filed by Cooper Law Firm, LLC. The contention with respect to this entity is that its presence in the case destroys complete diversity of citizenship.[5]

It is well-settled in this circuit that the citizenship of an LLC is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The Stag Parties are Louisiana citizens. The Stag Parties' complaint alleges that "[u]pon information and belief, the sole member of CLF[6] is Cooper. (Rec. Doc. 1 at 2). If this were true then there would be complete diversity of citizenship between the parties because Cooper is a citizen of Florida. Cooper Law Firm contends, however, that Ms. Celeste Brustowicz, who represents the Smith Parties, is also a

---

[5] The Cooper Law Firm also disputes that the amount in controversy is satisfied but this issue is now moot as to this party.

[6] **C**ooper **L**aw **F**irm, LLC

6

member of the LLC and has been one since well before Civil Action 20-991 was filed. Ms. Brustowicz is domiciled in Louisiana so if she is a member of the LLC then the presence of Cooper Law Firm, LLC as a defendant destroys complete diversity.

Although the Stag Parties initially questioned the veracity of the assertion that Ms. Brustowicz is a member of Cooper Law Firm, LLC, and although they sought discovery on this point as part of their Motion for Leave to Conduct Jurisdictional Discovery, which is also before the Court, the Stag Parties later voluntarily dismissed all of their claims against Cooper Law Firm, LLC pursuant to Rule 41, which they were entitled to do given that this defendant had neither answered the complaint nor filed a motion for summary judgment.[7] *See* Fed. R. Civ. Pro. 41(a)(1)(A)(i).

The motion to dismiss filed by the Cooper Law Firm, LLC is therefore moot. Likewise, the Stag Parties' Motion for Leave to Conduct Jurisdictional Discovery is also moot insofar as it sought discovery related to the citizenship of Cooper Law Firm, LLC. *Assuming without deciding that Cooper Law Firm, LLC is not an indispensable party to the declaratory judgment action*, the entire action need not be dismissed even though subject matter jurisdiction might not have existed at the time of filing. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572 (2004).

---

[7] The Court observes that the arguments that the Stag Parties had raised in opposition to the law firm's motion to dismiss (prior to voluntarily dismissing Cooper Law Firm, LLC) lacked merit. The Stag Parties took issue with the sufficiency of Cooper Law Firm, LLC's proof as to its own citizenship but this position ignores the well-settled rule that the party invoking jurisdiction in a federal court bears the sole burden of establishing all facts in support of subject matter jurisdiction. *Green v. Hale,* 433 F.2d 324, 329 (5th Cir.1970) (citing *Harvey Const. Co. v. Robertson-CECO Corp.*, 10 F.3d 300, 303 (5th Cir. 1994)). Cooper Law Firm, LLC was under no obligation to disprove subject matter jurisdiction.

The motion to dismiss filed by Barry J. Cooper, Jr., Esq. challenges diversity jurisdiction as to the jurisdictional amount, which must exceed $75,000.00 in order for the court to exercise jurisdiction. 28 U.S.C. § 1332(a). Cooper points out that the underlying litigation between himself and the Stag Parties was an attorney fee dispute, the amount in controversy of which did not exceed $40,000.00. Cooper points out that the Stag Parties have obviously aggregated the amount in controversy as to all parties, including the Smith Parties and Cooper Law Firm, LLC, which of course is not allowed because the claims against the Smith Parties and the Cooper Parties are separate and distinct.[8]

Civil Action 20-991 is a declaratory judgment action. The Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.,* does not provide a federal court with an independent basis for exercising subject-matter jurisdiction. *In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 270 (5th Cir. 2001) (citing *Gaar v. Quirk,* 86 F.3d 451, 453 (5th Cir.1996)). Thus, the Stag Parties must establish that the amount in controversy is satisfied and *they must do so specifically with respect to the claims against Cooper individually*.

The amount in controversy in an action for declaratory relief is the value of the right to be protected or the extent of the injury to be prevented. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1252–53 (5th Cir. 1998) (quoting *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir.1983)).

---

[8] The Court notes that the Stag Parties cannot avail themselves of the supplemental jurisdiction statute because the claims against the Cooper Parties do not form part of the same case or controversy as the claims against the Smith Parties. *See* 238 U.S.C. § 1367(a). And as the Court has already warned, this jurisdictional obstacle cannot be circumvented by the Term Sheet.

Enforcement of the Term Sheet is the controversy underlying this declaratory judgment action. *As to Cooper individually*, the amount in controversy as to that document would be $15,000.00, which was the amount that Stag was to pay to compromise the $40,000.00 Yokum fee dispute that Cooper filed in state court against the Stag Parties. The Court recognizes that the Term Sheet includes an indemnity provision and that Cooper is named in that provision but it is absurd to suggest that this provision would have obligated Cooper personally to provide indemnification for claims to which he was not a party—claims that far exceeded the quantum of any claims that he and his law firm were parties to. The Stag Parties cannot manufacture a jurisdictional amount for purposes of establishing subject matter jurisdiction by positing an interpretation to the Term Sheet that is not only unreasonable but also not supported in its text.[9]

The Stag Parties have not established that the amount in controversy is satisfied as to Cooper individually. Moreover, the Court is not persuaded that the Stag Parties should be allowed to conduct jurisdictional discovery, which is a determination that lies within this Court's sound discretion. *See Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000). The Stag Parties' motion for leave to conduct such discovery, which does not identify with specificity what they seek to discover with respect to Cooper individually, is suggestive of a dilatory tactic to keep Cooper in this litigation.

---

[9] The indemnity provision at paragraph 4 of the Term Sheet is ambiguous as to Cooper's obligations which is not surprising given that the document was never intended to be the final document in any of the settlements being negotiated at the time. Cooper took the opportunity in his opposition to attack the Term Sheet as to enforceability but that touches upon the merits which the Court cannot do in the absence of subject matter jurisdiction.

Cooper's motion to dismiss is therefore granted and the motion for leave to conduct jurisdictional discovery is denied.

In sum, given that Civil Action 20-991 is being dismissed as to the Cooper Parties, the sole remaining claim in the action will be the Stag Parties' request for declaratory relief as the enforceability of the Term Sheet vis à vis the Smith Parties. The Court has already resolved this claim against the Stag Parties when ruling on the Stag Parties' motion for summary judgment to enforce the Term Sheet and the Smith Parties' motion to vacate the order of dismissal, both filed in the lead case. Given then that the sole remaining claim in Civil Action 20-991 is the subject of parallel litigation in this district and in fact before this Court, the Court exercises its discretion to dismiss this declaratory judgment action in its entirety. See *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (discussing a district court's broad discretion to decline to exercise jurisdiction over a declaratory judgment action).

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 260)** filed by Cooper Law Firm, LLC is **DISMISSED AS MOOT.**

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Rec. Doc. 261)** filed by Barry J. Cooper, Jr., Esq. is **GRANTED** and all claims against this defendant are **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the **Motion for Leave to Conduct Jurisdictional Discovery (Rec. Doc. 271)** filed by Michael G. Stag, LLC, Stag Liuzza, LLC is **DENIED**.

**IT IS FURTHER ORDERED** that as to all remaining claims in Civil Action 20-991 between the Smith Parties and the Stag Parties, which have already been presented and determined in Civil Action 18-3425, the complaint is dismissed without prejudice.[10]

August 11, 2020

_____
UNITED STATES DISTRICT JUDGE

---

[10] The Court dismisses the 20-991 claims between the Smith and Stag Parties without prejudice so as to avoid any unintended collateral consequences with respect to finality. No final judgment has been issued in Civil Action 18-3425, and even though that case is stayed and closed, it will be reopened once normal operations resume in the Eastern District of Louisiana and the Court begins scheduling jury trials once again. If Civil Action 18-3425 does not conclude by way of a settlement then the Stag Parties will be able to appeal the Court's determination with respect to the enforceability of the Term Sheet when a final judgment is entered in the lead case.