**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **MICHAEL G. STAG, L.L.C.,** | * | **CIVIL ACTION NO. 18-3425** |
| | * | |
| **SMITH STAG, L.L.C.,** | * | |
| **AND MICHAEL G. STAG** | * | **SECTION: A** |
| | * | |
| **VERSUS** | * | **JUDGE JAY C. ZAINEY** |
| | * | |
| **STUART H. SMITH, L.L.C.** | * | **MAGISTRATE: CURRAULT** |
| **AND STUART H. SMITH** | * | |
| | * | |

**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***

### <u>SMITH PARTIES' FIRST SUPPLEMENTAL COUNTERCLAIM</u>

**COME NOW**, Defendants and Plaintiff-in-Counterclaim, Stuart H. Smith, LLC and Stuart

H. Smith, who supplement their Counterclaim (Rec. Doc. No. 122) to add the following:

### <u>COUNT XII: APPLICATION FOR INJUCTIVE RELIEF AND REQUEST FOR AUDIT</u>

1. The Smith Parties reiterate the allegations of their previous Counterclaim, paragraphs 96 -141, as though set forth herein *in extenso.* Rec. Doc. No. 122.

2. The Separation Agreement between the parties requires the Stag Parties to pay the Smith Parties at the same time fees are disbursed to the Stag Parties. (See Exhibit "A" Separation Agreement, Paragraph 10).

3. The Agreement further requires that the Smith Parties be included on all fee and cost schedules/statements on all cases in which the Smith Parties have an interest and that the said schedule/statement be sent to the Smith Parties at the time disbursement is made.  (See Exhibit "A" Separation Agreement, Paragraph 10).

4. The Agreement also grants the Smith Parties the right to "audit the books and records of the Company with respect to the fees and costs owed" to the Smith Parties no more than twice per year.  (See Exhibit "A" Separation Agreement, Paragraph 10).

1

5. The Stag Parties have failed to comply with these provisions under the Separation Agreement, and for at least the past year the Stag Parties have continually neglected to include the Smith Parties on all fee and costs schedules/statements, and discrepancies in the amounts being disbursed to the Smith Parties have been uncovered.  The Stag Parties have also refused to allow the bi-annual audits allowed by the Separation Agreement, and the last attempted "audit" occurred on November 14, 2018.  On that occasion Stag Liuzza restricted the audit to "eyes only," no copies were allowed, no notes were permitted, no ledgers were produced, and the limited documentation provided for the audit was vastly insufficient, effectively making the effort useless.

6. The Smith Parties pray that the Court issue a mandatory injunction to:

   a. Prohibit the Stag Parties from disbursing any disputed funds to themselves or anyone else under the Separation Agreement during the pendency of this litigation or until the completion of an audit;

   b. Require the Stag Parties to include the Smith Parties on all fee and costs schedules/statements and provide said schedule/statement to the Smith Parties at the time disbursements are made.

   c. Order that the Stag Parties submit to a full forensic audit, as permitted by the Separation Agreement and allow the review of ledgers and all records requested by the auditor.

   d. Require the Stag Parties to escrow all disputed funds pending the audit or resolution of this litigation.

   e. Require the Stag Parties to update the case list previously ordered by this Court on July 24, 2018.  (Rec. Doc. No. 26).

7. The Smith Parties are likely to prevail on its claims set forth herein, as the provisions of the Separation Agreement are unambiguous and have previously been acknowledged by both Parties.

8. The Stag Parties conduct has caused and will continue to cause the Smith Parties loss that cannot presently be ascertained, presenting the substantial threat that the Smith Parties will suffer irreparable harm.

9. The equities in this case clearly weigh in favor of granting injunctive relief and an audit of Stag Liuzza as does the public interest in upholding the duties of fiduciaries.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Stuart H. Smith, LLC and Stuart H. Smith prays that this First Supplemental Counterclaim be deemed good and sufficient and, that after due proceedings are had, judgment be rendered in favor of Stuart H. Smith, LLC and Stuart H. Smith against Michael G. Stag, LLC, Stag Liuzza, LLC (formerly, Smith Stag, LLC), and Michael G. Stag for all relief requested in the First Supplemental Counterclaim, including but not limited to injunctive relief, an audit, and other legal and/or equitable relief as the Court deems appropriate.

Respectfully submitted,

**PHELPS DUNBAR LLP**

/s/ Miles P. Clements
Miles P. Clements, T.A. (LA 4184)
Joseph E. Lee III (LA 26968)
Zachary J. Ardoin (LA 37575)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Facsimile: (504) 568-9130

AND

Celeste Brustowicz, (LA 16835)
Cooper Law Firm L.L.C.
1525 Religious Street
New Orleans, Louisiana 70130
Telephone: (504) 399-0009
Facsimile: (504) 309-6989

AND

Robert J. McKee, Esq., *Pro Hac Vice*
(FL 972614)
**THE MCKEE LAW GROUP, LLC**
The Crexent Business Center
12555 Orange Drive, Suite No. 245
Davie, Florida 33330
Telephone: (954) 888-9877

**Attorneys for Stuart H. Smith, L.L.C., and Stuart H. Smith**

## Certificate of Service

I **HEREBY CERTIFY** that on this 15th day of January, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, that service was accomplished through the Notice of Electronic Filing on Filing Users, and that service was accomplished on any party or counsel who is not a Filing User by other means in accordance with the Federal Rules of Civil Procedure and Local Rules of this Court.

/s/ Miles P. Clements

4