UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL G. STAG, L.L.C., ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 18-3425 c/w 20-991 |
| STUART H. SMITH, L.L.C., ET AL. | * | SECTION "A" (2) |

**ORDER AND REASONS**

Defendants Stuart H. Smith, LLC and Stuart H. Smith's Motion for Partial Reconsideration and Clarification (ECF No. 311) is pending before me in this matter. Plaintiffs Michael G. Stag, L.L.C., Smith Stag, L.L.C., and Michael G. Stag timely opposed the motion. ECF No. 317. Having considered the record, the submissions and arguments of counsel, and the applicable law, the Motion for Partial Reconsideration and Clarification is DENIED for the reasons stated herein.

**I.    BACKGROUND**

This dispute arises out of a June 8, 2015 Agreement in which Defendants effected a "preferred withdrawal" from Smith Stag, L.L.C., a personal injury law firm, due to Smith's grave illness that precipitated his retirement from the practice of law. ECF No. 116, ¶¶ 8–10, at 2–3. Smith was diagnosed with metastatic kidney cancer that eventually spread to his kidneys, lungs, left shoulder bone, and lower spine. ECF No. 122-2. After his condition changed such that his physician advised that he attempt to return to the practice of law, Smith announced that he intended to return to work. ECF No. 116, ¶¶ 16, 32, at 5, 9. Plaintiffs then filed suit seeking declaratory relief to reduce the percentage of fees owed to Smith under the June 8, 2015 Agreement and to retain sole ownership over certain property. Alternatively, Plaintiffs seek to dissolve the 2015 Agreement and recover damages. *Id.* at 20–23. Defendants filed a counterclaim, including allegations that Plaintiffs have frustrated, impeded and interfered with Smith's current legal practice. ECF No. 122, at ¶¶ 137, 140, 155, at 19–20, 23.

1

During discovery, Plaintiffs issued a request asking Smith to sign a "Consent to Release of Information from the Social Security Administration" ("SSA").  ECF No. 300-3.  In response to Smith's Objection, Plaintiffs filed a Motion to Compel, arguing that the SSA information is relevant to their claims (i.e., whether Smith's return to practice was foreseeable in 2015, and whether Smith misrepresented his medical condition in 2015), and to defend the counterclaims (i.e., whether they frustrated, impeded or interfered with Smith's current legal practice).  ECF Nos. 300, at 1; 300-2, at 1–2.  In Opposition, Defendants argued that request was unduly burdensome, was disproportionate to the needs of the case, and the information is not relevant.  ECF No. 301, at 1.  Defendants alternatively argued that any authorization be limited.  *Id.* at 4.

By Order and Reasons dated February 22, 2021, this Court granted in part and denied in part the Motion to Compel.  ECF No. 310.  Defendant now seeks reconsideration or clarification of that Order, arguing (1) contrary to the Court's conclusion that "Smith fortunately recovered" from his disability, he still suffers from that disability and (2) although Defendants asserted that Plaintiffs have "frustrated, impeded and interfered" with their legal practice, they did not plead that as an independent cause of action, but rather, made those assertions in connection with the intentional infliction of emotional distress claim.  ECF No. 311-2, at 4.

Plaintiffs oppose the Motion, arguing that Defendants have neither demonstrated newly-discovered or previously unavailable evidence nor clear or manifest error.  ECF No. 317, at 2–3.

II.    LAW AND ANALYSIS

The Federal Rules of Civil Procedure do not provide specifically for motions for reconsideration.[1]  Under Rule 54(b), "[d]istrict courts have considerable discretion in deciding whether to grant a motion to reconsider an interlocutory order. The exact standard applicable to

---

[1] *Cressionnie v. Hample*, 184 F. App'x 366, 369 (5th Cir. 2006); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004).

the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Rule 59(e), which is in turn less exacting than the standards enunciated in Rule 60(b)."[2] "The general practice of courts in [the Eastern District of Louisiana] has been to evaluate Rule 54(b) motions to reconsider under the same standards that govern Rule 59(e) motions to alter or amend a final judgment," balancing the interests of justice with the need for finality.[3] Our court considers four factors in deciding a motion to reconsider under the Rule 59(e) standard: (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.

Motions to reconsider, whether analyzed under Rule 54(b), Rule 59(e) or Rule 60(b), "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[4] They are not the proper vehicle for rehashing evidence, legal theories, or arguments.[5] Nor should a motion for reconsideration be used to raise arguments that could have and should have been made before entry of an order or to re-urge matters that have already been advanced by a party.[6] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[7]

---

[2] *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002); *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (A Rule 59(e) motion "calls into question the correctness of a judgment," and courts have considerable discretion in deciding whether to grant such a motion).
[3] *See, e.g., Castrillo v. Am. Home Mortg. Serv'g, Inc.*, No. 09-4369 R, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010); *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009).
[4] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).
[5] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).
[6] *See Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990).
[7] *Livingston Downs Racing Ass'n*, 259 F. Supp. 2d at 475.

Smith has not established that reconsideration is proper. First, the Court's reference to Smith's fortunate recovery does not equate to being cured of cancer and does not suggest otherwise. Rather, the "fortunate recovery" language simply reflected that, at some point after he retired based on disability, his physician recommended that he attempt to return to the practice of law. Thus, the "fortunate recovery" relates to his ability to return to the practice of law rather than a statement on his medical condition or diagnosis. Accordingly, the Court's use of that phrase does not justify reconsideration as same has no impact on the court's decision.

Likewise, any information that Smith is providing to the SSA relating to his current ability to practice law is relevant to whether the Stag parties have interfered with Smith's efforts to practice law. This information relates to Smith's intentional infliction of emotional distress claim insofar as Smith alleges that the Stag counter-defendants' interference with his current legal practice is causing emotional distress.

### III. CONCLUSION

For the foregoing reasons, the Smith Defendants have not established that reconsideration or clarification is necessary or proper. Accordingly,

IT IS ORDERED that the Motion for Partial Reconsideration or Clarification (ECF No. 311) is DENIED.

New Orleans, Louisiana, this __17th__ day of March, 2021.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE