UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| MICHAEL G. STAG, L.L.C., ET AL. | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 18-3425 c/w 20-991 |
| STUART H. SMITH, L.L.C., ET AL. | * | SECTION "A" (2) |

### ORDER AND REASONS

The parties' cross-motions regarding Rule 30(a)(2)(A)(i)'s presumptive 10 depositions per side limit are before me.  *See* ECF Nos. 394; 410.  Defendants Stuart H. Smith, LLC and Stuart H. Smith seek leave to take two additional depositions in excess of the 10 deposition limit (ECF No. 410) and Plaintiffs Michael G. Stag, L.L.C., Smith Stag, L.L.C., and Michael G. Stag seek to quash and/or obtain a protective order to preclude any depositions in excess of the 10 deposition limit. ECF No. 394.  The parties filed timely opposition memoranda.  ECF Nos. 408; 414.

The Court held a lengthy hearing on the motions on Wednesday, August 25, 2021, and thereafter took the matter under advisement.  Having considered the record, the submissions and arguments of counsel, and the applicable law, the Motions are GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.   BACKGROUND

This dispute arises out of a June 8, 2015 Agreement in which Defendants effected a preferred withdrawal from Smith Stag, L.L.C., a personal injury law firm, due to Smith's grave illness that precipitated his retirement from the practice of law.  ECF No. 116, ¶¶ 8–10, at 2–3. Smith was diagnosed with metastatic kidney cancer that eventually spread to his kidneys, lungs, left shoulder bone, and lower spine.  ECF No. 122-2.  After his condition changed such that his physician advised that he attempt to return to the practice of law, Smith announced that he intended to return to work.  ECF No. 116, ¶¶ 16, 32, at 5, 9.

1

Plaintiffs filed this suit seeking declaratory relief to reduce the percentage of fees owed to Smith under the June 8, 2015 Agreement and to retain sole ownership over certain property. Alternatively, Plaintiffs seek to dissolve the 2015 Agreement and recover damages. *Id.* at 20–23. Defendants filed a counterclaim. ECF No. 122. This Court has addressed numerous discovery motions filed by the parties throughout this contentious litigation. *See, e.g.*, ECF Nos. 156; 174; 177; 310; 318; 342; 371.

Plaintiffs now seek to preclude Defendants from deposing three individuals employed as office manager and/or legal assistants – Julie Batt, Nicole Martin and Judy Morris (ECF No. 394, at 1) and newly identified fact witness James Crossland (ECF No. 414, at 1). Plaintiffs assert that these depositions are irrelevant, cumulative, and unduly burdensome because the witnesses have no relevant information and are being deposed to harass Plaintiffs and disrupt their business. ECF No. 394-2, at 1, 6. Further, Plaintiffs contend that none of these people were identified as a witness by either party until Defendants noticed their depositions and added them to their witness list. *Id.* at 2. Plaintiffs contend that the depositions are improper because Defendants failed to obtain leave of court and the depositions would result in thirteen depositions, in violation of the presumptive 10 deposition limit of Rule 30(a)(2). *Id.* at 3, 6.

Plaintiffs also contend that Mr. Crossland, a former associate of a proposed intervenor, LawCo USA, PLLC, has no information relevant to any claim or defense and any evidence he has would be inadmissible character evidence under Rule 404(b) of the Federal Rules of Evidence. ECF No. 414, at 5. Plaintiffs also contend that Defendants have failed to justify leave to conduct additional depositions because they make no effort to justify the discovery already taken. *Id.* at 3.

Defendants oppose the Motion to Quash/Protective Order on the basis that Plaintiffs did not establish good cause for the protective order. ECF No. 408, at 2. Defendants have agreed not

2

to depose Julie Batt and Nicole Martin, but seek leave to proceed with the deposition of Judy Morris (agreeing to limit the deposition to 3.5 hours and documents request to firm meeting minutes) (ECF No. 408, at 1; *see also* ECF No. 410, at 2) and James Crossland (agreeing to a 2 hour time limit) (ECF No. 410, at 4).  As to these two depositions, Defendants argued in oral argument and in briefing that Ms. Morris is Plaintiff's longtime office manager with testimony relevant to many claims and defenses (ECF No. 410-2, at 1), that her testimony is not cumulative or duplicative as there is no other way to obtain certain information, such as whether policies implemented by management at Stag Liuzza in opening mail was actually followed-through, and that they have not had other opportunities to obtain this information because witnesses denied knowledge of these details.  ECF No. 410, at 3.  Defendants contend that Ms. Morris's deposition puts them over the 10-deposition limit because Plaintiffs added a last-minute expert (Brand Finance, USA) which must be deposed.  *Id.* at 3; 410-2, at 2.

As to Mr. Crossland, Defendants argued in oral argument that as an employee for LawCo, LLC and having dealt with transactions which Defendants believe are relevant to this case, his deposition is not cumulative as none of the other deponents handled certain transactions. Defendants also state that he is outside of the court's subpoena power and is on their witness list. ECF No. 410, at 4; 410-2, at 1.  Defendants also note that Plaintiffs have taken 11 depositions. ECF No. 408, at 5.  Defendants also argued that, even with Mr. Crossland and Ms. Morris, there would only be eight fact witness depositions because the other five witnesses are experts.

II.   **APPLICABLE LAW**

A. **Protective Order**

Under Rule 26(c), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P.

26(c)(1). "Good cause" exists when disclosure will result in a clearly defined and serious injury to the party seeking the protective order.[1] Rule 26 offers a variety of potential options that the court may use to protect the moving party, including forbidding discovery or specifying terms for discovery or limiting the scope of discovery into certain matters. Fed. R. Civ. P. 26(c)(1)(A), (B). A district court may exercise its sound discretion in determining how far to restrict discovery; and, in particular, the decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion.[2] The trial court enjoys wide discretion in setting the parameters of a protective order.[3]

In determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information.[4] The party seeking the protective order bears the burden of showing that a protective order is necessary, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[5]

## B.  Rule 30(a)(2)'s Presumptive 10-Deposition Limit

While the scope of discovery should "be accorded broad and liberal treatment,"[6] discovery "'has ultimate and necessary boundaries.'"[7] Rule 30(a)(2)(A)(i) establishes a default limitation on the number of depositions, providing, in relevant part: "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the parties have

---

[1] *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994).

[2] *Nguyen v. Excel Corp*., 197 F.3d 200, 209 n.27 (5th Cir. 1999) (citation omitted).

[3] *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

[4] *Blanchard & Co., Inc. v. Barrick Gold Corp*., No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004).

[5] *E.E.O.C. v. BDO USA, L.L.P.,* 876 F.3d 690, 698 (5th Cir. 2017) (citing *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978))).

[6] *Fairley v. Wal-Mart Stores, Inc.*, No. 15-462, 2016 WL 9582711, at *4 (E.D. La. Oct. 26, 2016) (citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (internal citations omitted)); *see also United States v. McWhirter*, 376 F.2d 102, 106 (5th Cir. 1967) ("The discovery provisions of the Federal Rules of Civil Procedure were designed to afford the parties the right to obtain information pertinent to the pending controversy, and to effectuate that purpose they are to be liberally construed.").

[7] *Id.* (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

4

not stipulated to the deposition and . . . the deposition would result in more than 10 depositions being taken [by any party]."  Fed. R. Civ. P. 30(a)(2).  Rule 26(b)(2)(A) provides the court with discretion to alter these limits.

To decide whether to adjust the allotted number of depositions, the court must undertake an analysis of Rule 26(b)(1) followed by Rule 26(b)(2)(C).  Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense" and specifies that discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

In *U.S. v. RES Holdings*, No. 11-739, 2012 WL 4369658 (E.D. La. Sept. 24, 2012), Judge Fallon explained that the discretion to alter Rule 30's presumptive 10 deposition limit is limited by Rule 26(b)(2)(C), which requires the Court to limit discovery when it determines either that:

> "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Fed. R. Civ. P. 26(b)(2)(C).

Courts interpreting this provision require the party seeking leave to show "why each of the requested depositions concerns an issue material to the case and why each deposition is not

unreasonably cumulative or duplicative . . . .["8]  Further, the movant must justify the necessity of

the depositions already taken in the case.[9]  Although Rule 30(a)(2)(A)(i) makes no distinction

between fact and expert witnesses,[10] courts will consider that fact in the analysis.[11]  The "mere fact

that more than ten persons may have discoverable information does not mean that taking more

than ten depositions makes sense."[12]  If the case involves complex facts or claims[13] or when the

---

[8] *Egana v. Blair's Bail Bonds, Inc.*, No. 17-5899, 2019 WL 8277616, at *1 (E.D. La. Jan. 23, 2019) (citing *Am. Elec. Power Co. v. Affiliated FM Ins. Co.*, No. 02-1133, 2005 WL 8155306 at *3 (M.D. La. June 21, 2005)).

[9] *DeGraw v. Gualtieri*, No. 8:13-cv-2116, 2019 WL 5423317, at *4 (M.D. Fla. Oct. 23, 2019) (citing *F.D.I.C. v. Nason Yeager Gerson White & Lioce, P.A.*, No. 2:13-cv-208, 2014 WL 1047245, at *2 (M.D. Fla. Mar. 17, 2014); *Bituminous Fire & Marine Ins. Corp. v. Dawson Land Dev. Co., Inc.*, No. 3:02-cv-793, 2003 WL 22012201, at *1 (M.D. Fla. Feb. 13, 2003) (stating that a party seeking to exceed the presumptive number of depositions must make a particularized showing of why the discovery is necessary); *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 483 (N.D. Tex. 2001) (finding that otherwise a party could indirectly circumvent the cap on depositions by exhausting the maximum allotted number to take those that she could not justify under the Rule 26(b)(2) standards, and then seeking leave to exceed the limit in order to take depositions that she could substantiate)).

[10] *Safeco Ins. Co. v. City of Jacksonville*, No. 118-cv-01904, 2011 WL 13176635, at *3 (M.D. Fla. Apr. 20, 2011) ("A fair reading of the Rules suggests that expert witnesses are not contemplated by Rule 30.").

[11] *See Whole Woman's Health All. v. Hill*, No. 118-cv-01904, 2019 WL 10886796, at *1 (S.D. Ind. Sept. 4, 2019) (noting expert status of some deponents in addressing motion for leave to exceed presumptive 10-deposition limit and citing Rule 26(b)(4)(A), which expressly authorizes party to depose anyone identified as expert whose opinions may be presented at trial; *see also Safeco Ins. Co. of Am.*, 2011 WL 13176635, at *3 (suggesting experts should not count within the limit but declining to rule on that basis given movant satisfied Rule 26(b)(2)'s requirements for additional depositions) (citing *Royal Bahamian Ass'n v. QBE Ins. Corp.*, No. 10-21511, 2010 WL 3003914, at *1 (S.D. Fla. July 29, 2010) (declining to determine whether experts count towards Rule 30's ten-deposition limit and granting additional depositions under Rule 30(a)(2))).  *But see N. Am. Rescue Prod., Inc. v. Bound Tree Med., LLC*, No. 2:08-cv-101, 2009 WL 4110889, at *3 (S.D. Ohio Nov. 19, 2009) (rejecting distinction between fact and expert witness when assessing Rule 30(a)(2)(ii)'s requirement that leave is required to depose a witness for a second time), *objections overruled*, 2010 WL 1873291 (S.D. Ohio May 10, 2010).

[12] *Egana*, 2019 WL 8277616 at *2 (citing *Lebron v. Ensco Offshore Co.*, No. 12-1901, 2013 WL 3967165, at *1 (W.D. La. July 31, 2013)); *see also Jones v. Cannizzaro*, No. 18-503, 2019 WL 8888002, at *4 (E.D. La. Oct. 23, 2019) (denying leave to take 14th deposition on topic that movant had ample opportunity to obtain information by discovery and should have already been addressed by 13 depositions to date, rendering the deposition cumulative or duplicative).

[13] *See, e.g., Res Holdings*, 2012 WL 4369658, at *2 ("[T]he complex facts involved in this case warrant an extension of the typical ten-deposition limit."); *L.W. v. Lackawanna Cty.*, No. 3:14-CV-01610, 2015 WL 2384229, at *1 (M.D. Pa. May 19, 2015) (finding that plaintiffs satisfied particularized showing required by Rules 30(a)(2)(A) and (26)(b)(2) in complex case); *Laryngeal Mask Co. Ltd. v. Ambu A/S*, No. 3:07-CV-01988, 2009 WL 10672436, at *4 (granting additional depositions because "[t]his is a complex case, involving a number of corporate plaintiffs and defendants as well as complicated factual and legal issues . . . ."); *Corey Airport Servs., Inc. v. City of Atlanta*, No. 1:04-CV-3243-CAP, 2007 WL 9717220, at *2 (N.D. Ga. Feb. 20, 2007) (allowing more than 15 depositions because of "highly complex" underlying facts and numerous defendants; *Genentech, Inc. v. Insmed Inc.*, 442 F. Supp. 2d 838, 848 (N.D. Cal. 2006) (allowing five additional depositions as part of discovery on willfulness, as "[p]laintiffs had no control over how many firms provided opinions to Defendants and how many of Defendants' employees were privy to the opinions").

6

witness is employed by the defendant or is not required to provide information informally,[14] courts have allowed altered the 10 deposition limit to allow the discovery.

## III.   ANALYSIS

This Court must conduct the required analysis considering the relevant factors under Rule 26(b)(1) and (b)(2)(C).  The parties' briefs reflected only conclusory assertions as to these elements without any factual, substantive basis to enable the Court to undertake this necessary inquiry.  Although Defendants have wholly failed to justify their prior depositions, they have only taken six fact witness depositions.  Counting the anticipated five expert depositions, with leave, Defendants would have conducted a total of 13 depositions as compared to Plaintiffs' 11 depositions.

When explicitly asked to address the relevant factors under Rule 26(b)(1) and (b)(2)(C) at oral argument, Plaintiffs argued that Ms. Morris's testimony would be cumulative as Defendants have already deposed witnesses regarding the identified issues (e.g., Stag Liuzza's accountant, Karen Smith, or the managing partner at Stag Liuzza, Michael Stag).  In response, Defendants argued that Ms. Morris has a unique position as the office manager at Stag Liuzza, and would not only have knowledge of policies regarding payments or mail to Mr. Smith, but also how those policies were actually implemented.  Defendants also argue that Ms. Morris was the individual present at firm meetings and creating minutes for these meetings during which Mr. Smith's disability was discussed.  Further, Defendants concede that, while they have asked other witnesses the questions on these topics, the witnesses lacked knowledge to provide responsive information.[15]

---

[14] *See, e.g., Scott v. City of Sioux City*, 298 F.R.D. 400, 402 (N.D. Iowa 2014) (granting plaintiff's request to take a total of 21 depositions where proposed deponents were employed by defendant or not under any obligation to provide information to plaintiff); *Thykkuttathil v. Keese*, 294 F.R.D. 601, 603 (W.D. Wash. 2013) (granting additional depositions in complex matter with multiple parties on each side and where plaintiffs disclosed large number of potential witnesses).

[15] *See Dalrymple v. United States*, No. 18-14237, 2020 WL 1030841, at *3 (E.D. La. Mach 3, 2020) (granting leave to exceed 10-deposition limit to depose 11 medical providers because there is no adequate substitution or acceptable other source for explanatory testimony for medical records and rejecting argument that such testimony would be cumulative of the records themselves).

Defendants reiterated their offer to limit Judy Morris's deposition to 3.5 hours and to limit the documents sought to the relevant firm meeting minutes.  While Plaintiffs argue her deposition is cumulative and irrelevant, which Defendants dispute, Plaintiffs did not put forward any evidence as to how participating in Ms. Morris' deposition (rather than the three employees as originally sought) is so burdensome and disproportionate to justify a protective order, given the amount in controversy.  While the parties dispute the potential relevance, given the broad standard of relevance in discovery, Defendants are entitled to discovery reasonably calculated to lead to admissible evidence and with "'any possibility' that the information sought may be relevant to the claim or defense of any party."[16]

As to James Crossland, Defendants likewise agreed to limit his deposition to 2 hours and conduct same via videoconference.  Plaintiffs again did not put forward any evidence of the burden that Mr. Crossland's deposition taken in that manner would impose other than to argue that he has no relevant information.  While acknowledging the relatively minor burden of a 2-hour video deposition, Plaintiffs argued that Crossland/LawCo., LLC handled different monies and transactions from those involved with Mr. Smith, and numerous other witnesses have addressed the accounting and process of transactions at Stag Liuzza.  In response, Defendants note that LawCo was granted leave to intervene (though its claims were resolved prior to intervening) and that Crossland worked at LawCo, LLC during the relevant time period and is familiar with transactions relating to Mr. Smith.

In light of the broad relevance standard in discovery[17] and based on the additional information elicited during oral argument, the Court has determined that the limited burden on the

---

[16] *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. Feb. 4, 2005) (citation omitted).

[17] *Merrill*, 227 F.R.D. at 470 (citation omitted) ("Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

Plaintiffs to participate in these two additional depositions, given Defendants' proposed time-limitations, and considering the amount in controversy, the parties' resources, the importance of the issues at stake and the discovery, is not disproportionate to the needs of this case.  Accordingly, Defendants are granted leave to exceed the presumptive ten deposition limit to depose Judy Morris and James Crossland, pursuant to Rule 26(b)(2)(A).

## IV.   **CONCLUSION**

For the reasons stated above, Defendants are granted leave to depose Ms. Morris and Mr. Crossland.  Ms. Morris's deposition will be limited to 3.5 hours and will include only production of the meeting minutes.  Mr. Crossland's deposition will be limited to 2 hours and conducted via videoconference.  This Order does ***not*** grant any party unlimited leave to take more depositions over the presumptive limit.  Should any party seek to take additional depositions and the parties are unable to stipulate to same, that party must file a properly supported motion for leave setting forth the information that must be considered under Rule 26(b)(2)(C).

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' Motion for Protective Order (ECF No. 394) and Defendants' Motion for Leave to Take More than Ten Depositions (ECF No. 410) are GRANTED IN PART AND DENIED IN PART as stated herein.

New Orleans, Louisiana, this 26th day of August, 2021.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE